FILED

ELECTRONICALLY FILED
8/17/2017 12:15 PM
01-CV-2017-903444.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

2017-Sep-22  PM 04:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>01 |
|---|---|---|
| | | Date of Filing:<br>08/17/2017     Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### RANDY E. GLAZE v. AMSHER COLLECTION SERVICES, INC.

**First Plaintiff:** ☐ Business ☑ Individual    **First Defendant:** ☑ Business ☐ Individual
              ☐ Government ☐ Other                    ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING      A ☐ APPEAL FROM DISTRICT COURT      O ☐ OTHER

        R ☐ REMANDED      T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO    Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
    WAT056           8/17/2017 12:15:35 PM           /s/ JOHN GRIFFIN WATTS
                           Date                       Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**     ☐ YES ☑ NO ☐ UNDECIDED



| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2017-903444.00 |
| --- | --- | --- |

**IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA**
**RANDY E. GLAZE V. AMSHER COLLECTION SERVICES, INC.**

RECEIVED
AUG 2 3 2017

NOTICE TO: AMSHER COLLECTION SERVICES, INC., 4524 SOUTHLAKE PARKWAY SUITE 15, HOOVER, AL 35244
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JOHN GRIFFIN WATTS
_____
*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 301 19th Street North, BIRMINGHAM, AL 35203
*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL**
**PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of RANDY E. GLAZE
*(Name(s))*
pursuant to the Alabama Rules of the Civil Procedure.

| 8/17/2017 12:15:43 PM | /s/ ANNE-MARIE ADAMS | By: _____ |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.    /s/ JOHN GRIFFIN WATTS
*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
*(Name of Person Served)*          *(Name of County)*

Alabama on _____
*(Date)*

_____
*(Address of Server)*

_____    _____
*(Type of Process Server)*          *(Server's Signature)*

_____    _____
*(Server's Printed Name)*          *(Phone Number of Server)*

ELECTRONICALLY FILED
8/17/2017 12:15 PM
01-CV-2017-903444.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| RANDY E. GLAZE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AMSHER COLLECTION SERVICES, | ) |
| INC., Fictitious Defendants "A", "B" and | ) |
| "C" thereby intending to refer to the legal | ) |
| entity, person, firm or corporation which | ) |
| was responsible for or conducted the | ) |
| wrongful acts alleged in the Complaint; | ) |
| Names of the Fictitious parties are unknown | ) |
| to the Plaintiff at this time but will be added | ) |
| by amendment when ascertained, | ) |
| | ) |
| Defendants. | ) |

Civil Action No.:

**JURY DEMAND**

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, and for Plaintiff's Complaint against the Defendant and states as follows:

1.     This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act  (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]), Telephone Consumer Protection Act ("TCPA"), and out of state law violations and out of the invasion of Plaintiff's personal and financial privacy by the Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiff.

## VENUE

2.     Venue is proper as Defendant does business in this judicial district.

## PARTIES

3.     Plaintiff Randy E. Glaze (hereinafter "Plaintiff") is a natural person who is a resident of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4.  Defendant AmSher Collection Services, Inc. ("Defendant" or "AmSher[1]") is a domestic debt collection firm that engages in the business of debt collection in this judicial district in Alabama. It is a "debt collector" under the FDCPA. It is incorporated in Alabama and has its principal place of business is in Alabama.

5.  Defendant AmSher's principal business is collecting on defaulted consumer debt.

6.  Defendant AmSher sends collection notices to consumers, makes collection calls to consumers, and credit reports on consumers.

7.  Fictitious Defendants "A", "B" and "C" thereby intending to refer to the legal entity, person, firm or corporation which was responsible for or conducted the wrongful acts alleged in the Complaint; names of the Fictitious parties are unknown to the Plaintiff at this time but will be added by amendment when ascertained.

8.  Any reference to any Defendant refers to all Defendants and Fictitious Defendants.

## RECOGNITION BY CONGRESS OF THE WIDESPREAD ABUSE BY COLLECTORS

9.  Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors.

10. Congress recognized that there are four social ills caused by abusive debt collection: (1) Unnecessary personal bankruptcies; (2) Marital instability; (3) Loss of jobs; and (4) Invasions of individual privacy.

11. Congress also found that it is fundamentally unfair for the abusive collection agencies to have an unfair competitive advantage over those honorable debt collectors that decide to obey the law and follow the rules.

---

[1] "AmSher" means AmSher directly or through its debt collectors, employees and agents who credit reported against Plaintiff, or otherwise took any collection action against Plaintiff.

12.  15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it

states as follows:

(a)  There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

(b)  Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c)  **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts.**

(d)  Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)  It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged,** and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

## FACTUAL ALLEGATIONS AGAINST AMSHER

13.  Plaintiff used medical services of several years ago from American Family Care.

14.  Medical provider did not bill Plaintiff or Plaintiff's insurance company.

15.  Instead the bill was turned over to the debt collector Defendant AmSher.

16.  This is true even though Plaintiff repeatedly used the medical provider's services and no

mention was ever made to Plaintiff that he owed any money.

17.  Because he did not owe money to the medical provider.

18.  Plaintiff let Defendant AmSher know he disputed this collection account.

19.  But to minimize the damage to his credit, Plaintiff paid this bill even though he did not

owe it as Defendant AmSher agreed to delete all credit reporting it had made on Plaintiff.

3

20.     Defendant AmSher promised that it would request a removal of the account in its entirety from Equifax, Experian, TransUnion, and Innovis.

21.     Then on or about March 12, 2016, Defendant AmSher represented that it had in the past requested a removal of the account in its entirety from Equifax, Experian, TransUnion, and Innovis.

22.     These were lies as Defendant AmSher did not and never intended to request a deletion from the credit bureaus.

23.     Defendant AmSher had a present intent to deceive when it made its representations, as it never intended to delete the reporting.

24.     Defendant AmSher suppressed the truth that it never would request the deletion, and certainly not when it told Plaintiff it would, as Defendant AmSher wanted to keep the false credit reporting to leverage another payment out of Plaintiff.

<u><b>Motivation For Defendant AmSher To<br>Break The Law And To Falsely Credit Report</b></u>

25.     The marketplace for medical collection is fierce as there is a high amount of unpaid medical debt.

26.     It is unpaid for a number of reasons – high cost of medical care, insurance billing issues, lack of ability or desire to pay, etc.

27.     So medical collection companies such as Defendant AmSher must distinguish themselves to gain business.

28.     One way to do this is to compete on price.

29.     Another way to is to compete on effectiveness of being able to collect and to collect quickly.

4

30. Defendant has a vested interest in credit reporting on consumers, even when it knows the credit reporting is false.

31. This is because Defendant AmSher is seeking a competitive advantage over other collection agencies that follow the law.

32. And a competitive advantage over other law breaking collection agencies, which leads Defendant AmSher into a "race to the bottom" of even greater violations of the law.

33. Defendant AmSher knows that medical billing is confusing, sporadic, and haphazard. At best.

34. So when a consumer receives a collection bill from Defendant AmSher, it is important for Defendant AmSher to have a "presence" or "reputation" in the marketplace for harsh credit reporting.

35. Even false credit reporting.

36. The medical bills Defendant AmSher typically collects are smaller, under $500.

37. So if Defendant AmSher can create a reputation among consumers for being overly aggressive in credit reporting, the consumers will be forced to pay Defendant AmSher even when the debt is not owed, all in an attempt (feeble as it may be) to protect the consumer's credit report.

38. What happened to Plaintiff is a natural result of taking action on the mindset of Defendant AmSher.

39. Plaintiff's situation is no surprise to Defendant AmSher as this type of injury and damage is anticipated and expected by Defendant AmSher.

40. Even though Defendant AmSher did succeed in wrenching money from the individual Plaintiff on a debt that was not owed, it still intentionally and deliberately damaged his

credit reports significantly with the placing of the collection account on his excellent credit reports.

41. Defendant AmSher refused to delete the false information despite its promises to do so.

42. Defendant AmSher views this as necessary in its mission to establish itself as achieving better than average results in the marketplace of medical debt collection.

43. This sends the message to consumers that they may have to pay Defendant AmSher multiple times to remove false credit reporting.

### Additional Factual Allegations Against Defendant AmSher

44. Defendant AmSher has collected against Plaintiff when Plaintiff did not owe any money to Defendant AmSher on this account, which violates the alleged agreement creating this debt as the agreement does not allow for collecting a debt that is zero from anyone, including Plaintiff.

45. Defendant AmSher has misrepresented the debt as being owed, when it was not owed.

46. Defendant AmSher has misrepresented the debt to Plaintiff, including the legal status of the debt, as none was owed during the time that Defendant AmSher has been collecting on the debt.

47. Defendant AmSher has taken action it knows is illegal including false credit reporting and collection letters and/or collection calls.

48. Defendant AmSher has used auto dialers, predictive dialers, robo dialed and pre-recorded and/or machine generated messages in illegal calls to Plaintiff, violating the TCPA.

49. Defendant AmSher knew that by its conduct described in this Complaint that the natural consequence – the desired consequence – would be that Plaintiff (and all others similarly

6

situated) would be harassed, oppressed, and abused by the collection activities and by all other wrongful acts described in this Complaint.

50.    The debt being collected is a consumer debt as defined by the FDCPA.

51.    Plaintiff is a "consumer" as defined by the FDCPA.

52.    Defendant AmSher is a "debt collector" as defined by the FDCPA as when it allegedly received the supposed debt owed by Plaintiff, the alleged debt was in default and the collecting of defaulted debt is a major part of the business of Defendant AmSher.

53.    Defendant AmSher has full knowledge of what it is doing by its wrongful collection activities including illegal credit reporting – it is a sophisticated debt collector and the decisions outlined in this Complaint and that will be shown through discovery were not "rogue" or "outlier" decisions but instead represent a well thought out plan and scheme to take money from Alabama consumers (including Plaintiff) that Defendant AmSher has no right to take under state law and under the FDCPA.

54.    The conduct of the Defendant AmSher has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

55.    It is a practice of the Defendant AmSher to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA and state law.

56.    All actions taken by employees, agents, servants, or representatives of any type for the Defendant AmSher were taken in the line and scope of such individuals' employment, agency or representation.

7

57.   At no time has Defendant AmSher told or implied to Plaintiff that any conduct by any agent or employee of Defendant AmSher was outside the line and scope of such employment or agency.

58.   All actions taken by the Defendant AmSher were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FDCPA, TCPA and/or state law and/or that they knew or should have known that its actions were in reckless disregard of the FDCPA, TCPA and/or state law.

59.   Defendant AmSher has engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and/or credit reports and as such Defendant AmSher is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by this Defendant and similar companies.

60.   Defendant AmSher is liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by their collection employees and agents, including but not limited to violations of the FDCPA, TCPA and/or state tort law, in its attempts to collect this debt from Plaintiff.

## CAUSES OF ACTION

### COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692d

61.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

62. Section 1692d states, "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

63. Defendant AmSher violated Section 1692d by collecting this debt as alleged in this Complaint.

64. The conduct of the Defendant AmSher has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT II.

## VIOLATIONS OF THE FAIR DEBT COLLECTIONPRACTICES ACT
## 15 U.S.C. § 1692e

65. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

66. Section 1692e prohibits, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section [and the subsections of 1692e follow]."

67. Defendant AmSher violated Section 1692e by collecting this debt as alleged in this Complaint.

68. The conduct of the Defendant AmSher has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

9

## COUNT III.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(2)

69.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

70.    Section 1692e(2) prohibits, "The false representation of the character, amount, or legal status of any debt;"

71.    Defendant AmSher violated Section 1692e(2) by collecting this debt as alleged in this Complaint.

72.    The conduct of the Defendant AmSher has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT IV.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(8)

73.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

74.    Section 1692e(8) prohibits, "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

75.    Defendant AmSher violated Section 1692e(8) by collecting this debt as alleged in this Complaint.

76. The conduct of the Defendant AmSher has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT V.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(10)

77. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

78. Section 1692e(10) prohibits, "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

79. Defendant AmSher violated Section 1692e(10) by collecting this debt as alleged in this Complaint.

80. The conduct of the Defendant AmSher has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VI.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(11)

81. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

82. Section 1692e(11) requires a debt collector must identify themselves as a debt collector and give a warning about the purpose of the call – the "mini" Miranda warning.

83.   Defendant AmSher violated Section 1692e(11) by collecting this debt as alleged in this Complaint and by refusing to give all required disclosures under Section 1692e(11).

84.   The conduct of the Defendant AmSher has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VII.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f

85.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

86.   Section 1692f states, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

87.   Defendant AmSher violated Section 1692f by collecting this debt as alleged in this Complaint.

88.   The conduct of the Defendant AmSher has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VIII.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f(1)

89.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

90.   Section 1692f(1) forbids, "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

91.   Defendant AmSher violated Section 1692f(1) by collecting this debt when the account agreement never authorized collecting a debt no longer owed and as alleged in this Complaint.

92.   The conduct of the Defendant AmSher has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT IX.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692g

93.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

94.   Section 1692g states written notice must be sent to consumer informing consumer of certain rights under the FDCPA.

95.   No such notice was sent by Defendant AmSher in the form and/or time limits required by this law.

96.   Defendant AmSher violated Section 1692g by collecting this debt as alleged in this Complaint.

97.   The conduct of the Defendant AmSher has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and

future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT X.
## INVASION OF PRIVACY

98. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

99. Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant AmSher violated Alabama state law as described in this Complaint and in the paragraphs of this Count.

100. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

101. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

14

102. Defendant AmSher intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

103. Defendant AmSher intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

104. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

105. The conduct of Defendant AmSher, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant AmSher which occurred in a way that would be highly offensive to a reasonable person in that position.

106. Defendant AmSher has continued to publicly state through credit reporting that Plaintiff owes or owed the debt to Defendant AmSher when Defendant AmSher knows this is untrue.

107. All of the wrongful acts described in this Complaint demonstrate the wrongful scheme, plan, and design of Defendant AmSher in its campaign of improper debt collection, which has led to the Plaintiff's privacy being invaded.

108. The conduct of the Defendant AmSher has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

109. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant AmSher.

110. All acts of Defendant AmSher were committed with malice, intent, wantonness, and/or recklessness and as such Defendant AmSher is subject to punitive damages.

## COUNT XI.

### NEGLIGENT HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

111. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

112. Defendant AmSher's collectors are allowed and encouraged to break state law in order to collect debts.

113. This includes all of the violations of the law described in this Complaint and in the paragraphs of this Count.

114. Defendant AmSher is aware of the wrongful conduct of its collectors.

115. Defendant AmSher negligently hired, trained, retained or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant AmSher is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

116. Plaintiff does not, without discovery, know the details of the incompetent hiring, training, and supervision of debt collectors but it is reasonable to infer this as there is no other explanation for how a large debt collector which is a "leader" in the industry, with compliance employees and lawyers, could possibly allow the wrongful acts described in this Complaint to occur unless this was part of a plan to be negligent in allowing incompetent collectors to run wild and damage Plaintiff while Defendant AmSher sat back to reap the

rewards of the wrongful conduct it had sowed.  The details of this will come out in discovery.

117.    The conduct of the Defendant AmSher has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XII.

### WANTON HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

118.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

119.    Defendant AmSher's collectors are allowed and encouraged to break state law in order to collect debts.

120.    This includes all of the violations of the law described in this Complaint and in the paragraphs of this Count.

121.    Defendant AmSher is aware of the wrongful conduct of its collectors.

122.    Defendant AmSher wantonly hired, trained, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant AmSher is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

123.    Plaintiff does not, without discovery, know the details of the incompetent hiring, training, and supervision of debt collectors but it is reasonable to infer this as there is no other explanation for how a large debt collector which is a "leader" in the industry, with compliance employees and lawyers, could possibly allow the wrongful acts described in this

17

Complaint to occur unless this was part of a well orchestrated design and plan of wantonly allowing incompetent collectors to run wild and damage Plaintiff while Defendant AmSher sat back to reap the rewards of the wrongful conduct it had sowed.  The details of this will come out in discovery.

124.   The conduct of the Defendant AmSher has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XIII.

### INTENTIONAL HIRING, TRAINING, AND
### SUPERVISION OF INCOMPETENT DEBT COLLECTORS

125.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

126.   Defendant AmSher's collectors are allowed and encouraged to break state law in order to collect debts.

127.   This includes all of the violations of the law described in this Complaint and in the paragraphs of this Count.

128.   Defendant AmSher is aware of the wrongful conduct of its collectors.

129.   Defendant AmSher intentionally hired, trained, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant AmSher is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

130.   Plaintiff does not, without discovery, know the details of the incompetent hiring, training, and supervision of debt collectors but it is reasonable to infer this as there is no other

explanation for how a large debt collector which is a "leader" in the industry, with compliance employees and lawyers, could possibly allow the wrongful acts described in this Complaint to occur unless this was part of an intentional well orchestrated design and plan of allowing incompetent collectors to run wild and damage Plaintiff while Defendant AmSher sat back to reap the rewards of the wrongful conduct it had sowed. The details of this will come out in discovery.

131. The conduct of the Defendant AmSher has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XIV.

## WANTON CONDUCT

132. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

133. Defendant AmSher had a duty, and assumed a duty, to treat Plaintiff fairly and with reasonable care.

134. Defendant AmSher had a duty, and assumed a duty, to not unreasonably cause harm to Plaintiff.

135. Defendant AmSher acted with malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint and in the paragraphs of this Count.

136. Defendant AmSher violated all of the duties Defendant AmSher had and such violations were made intentionally, willfully, recklessly, maliciously, and wantonly.

19

137.   It was foreseeable, and Defendant AmSher did in fact foresee it, the each and every illegal act of Defendant AmSher would lead and did lead to the exact type of harm suffered by Plaintiff.

138.   The conduct of the Defendant AmSher has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XV.

## FRAUD

139.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

140.   All of the actions of Defendant AmSher were taken in light of a deliberate plan, intent, and scheme to obtain money damages against Plaintiff.

141.   All of the suppressions/misrepresentations of material fact were made intentionally, maliciously, recklessly, negligently, and/or innocently.

142.   This includes the promises by phone and in writing that the credit reporting would be requested to be deleted from the four national credit reporting agencies that Defendant AmSher reports to.

143.   At no time did Defendant AmSher intend to honor its promises but instead always intended to (and hid this from Plaintiff) continue to credit report against Plaintiff.

144.   The Plaintiff properly relied upon all such representations and suppressions of material facts and has been damaged thereby.

145. The Plaintiff has suffered mental anguish and emotional distress as well as economic loss.

146. At all times the Defendant had an obligation to speak truthfully and to not lie to Plaintiff and to not tell half-truths to Plaintiff.

147. Plaintiff claims all damages allowable under law.

## COUNT XVI.
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)
### (47 U.S.C. § 227)

148. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

149. Defendant AmSher has made illegal calls to Plaintiff's cell phone in violation of the TCPA.

150. Defendant AmSher has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal automatic dialers by Defendant AmSher.

151. Defendant AmSher has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal predictive dialers by Defendant AmSher.

152. Defendant AmSher has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal pre-recorded (or machine generated) messages by Defendant AmSher.

153. Each call is a separate violation and entitles Plaintiff to statutory damages against Defendant AmSher in the amount of at least $500.00 per call and Plaintiff requests that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call.

154.    All actions taken by Defendant AmSher were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that it knew or should have known that its actions were in reckless disregard of the TCPA.

155.    All of the violations of the TCPA proximately caused the actual injuries and damages set forth in this Complaint.

156.    Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

157.    As a result of this conduct, action, and inaction of Defendant AmSher, Plaintiff has suffered damage as set forth in this Complaint.

**PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that judgment be entered against Defendant for all damages allowable (including statutory, actual, compensatory, nominal and punitive the total of which Plaintiff claims more than $75,000.00), costs, expenses, attorney fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

/s/ John G. Watts
John G. Watts (WAT056)
M. Stan Herring (HER037)
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447; (888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com

D. Benjamin Traylor (TRA026)
Traylor & Davis, LLC
P.O. Box 11764
Birmingham, Alabama 35202
(205) 452-0307
(877)-360-3562 *facsimile*
**Attorneys for Plaintiffs**

PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.

/s/ John G. Watts
**Attorney for Plaintiff**

**Serve Defendant via certified mail at the following address:**

AmSher Collection Services, Inc.
4524 Southlake Parkway
Suite 15
Hoover, Alabama 35244

23